Alexander F. Giovanniello (CSB # 125562)
Thomas C. Swann (CSB # 229422)
**GIOVANNIELLO LAW GROUP**
One Pointe Drive, Suite 300
Brea, California 92821

Ph:  (714) 364-4000
Fax: (714) 364-4001

Specially Appearing For:
MARINER HEALTH CARE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH THROWER, by and through her Successor in Interest, Rosie Lee Mills; ROSIE LEE MILLS; HELEN MILLS; LORETTA EDDINGS; LASHAWN THROWER; PERRY JOHNSON, JR.; ELLEN MASON, individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>GRANCARE, LLC dba VALE HEALTHCARE CENTER; MARINER HEALTH CARE MANAGEMENT COMPANY; MHC WEST HOLDING COMPANY; MARINER HEALTH CARE, INC.; REMY RHODES; and DOES 1-250;<br><br>Defendants | Case No.: 3:15-cv-05575-MMC<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF MARINER HEALTH CARE, INC.<br><br><br>DATE:          February 19, 2016<br>TIME:          9:00 a.m.<br>COURTROOM:  7-19th Floor<br><br>JUDGE:  Maxine M. Chesney |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**:

**NOTICE IS HEREBY GIVEN THAT** on February 19, 2016 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7-19th Floor of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, MARINER HEALTH CARE, INC. will move this Court for an order quashing Plaintiffs' service of its summons for lack of personal jurisdiction.

///

i

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF MARINER HEALTH CARE, INC.

1    This Motion will be made pursuant to <u>Federal Rule of Civil Procedure</u> Rule 12(b)(2)
2  ("Rule 12(b)(2)") on the grounds this Court lacks Personal Jurisdiction over Mariner Health
3  Care, Inc., and as a result, this Court should grant this motion to dismiss.
4    This motion shall be based upon this Notice, the attached Memorandum of Points and
5  Authorities, the attached Declaration of Kenneth Tabler, the attached Request for Judicial
6  Notice, the complete file and records of this action, and such other and further oral and
7  documentary evidence as may be presented at the hearing on this Motion.

9  Dated: December 14, 2015            **GIOVANNIELLO LAW GROUP**

11                     By:    */s/ Alexander F. Giovanniello* .
                              Alexander F. Giovanniello
12                            Thomas C. Swann
                              Specially Appearing for
13                            MARINER HEALTH CARE, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   INTRODUCTION**

In their Complaint, Plaintiffs assert claims arising out of the care and treatment Ruth Thrower (hereinafter "Decedent") received while a patient at Vale Healthcare Center, a skilled nursing facility owned and operated by Grancare, LLC. In so doing, Plaintiffs identify multiple Defendants to include Grancare, LLC, Mariner Health Care Management Company, Mariner Health Care, Inc., MHC West Holding Company and Remy Rhodes. **Mariner Health Care, Inc.** specially appearing now moves this Court to Dismiss this Action pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) for lack of personal jurisdiction.

Mariner Health Care, Inc. is a holding company incorporated in the State of Delaware, with its principal place of business in the State of Georgia. (Tabler Dec. ¶ 5) Mariner Health Care, Inc. does not own any property nor have any employees within the State of California. (Tabler Dec. ¶ 6) Mariner Health Care, Inc. is not in the business of providing healthcare services to any individual, and as a result, does not own or operate any skilled nursing facility within the State of California (Tabler Dec. ¶ 7).

Mariner Health Care, Inc. has never maintained an office in California. It does not own or possess property, or hold any mortgages or liens within the State of California. Moreover, Mariner Health Care, Inc. does not maintain any bank accounts at any bank or depository, or pay taxes within California. (Tabler Dec. ¶ 8)

Mariner Health Care, Inc. is not and has never been, registered to do business within the State of California, and does not have an agent for service of process within California. Indeed, Plaintiffs never actually served the instant Summons and Complaint upon Mariner Health Care, Inc. (Tabler Dec. ¶ 9) Mariner Health Care, Inc. is a separate legal entity from Grancare, LLC and has never held the operating license to the subject facility, Vale Healthcare Center. (Tabler Dec. ¶ 10) Further, Mariner Health Care, Inc. has not consented to jurisdiction in the State of California, nor has it made a general appearance in this action. (Tabler Dec. ¶ 11)

As a result of the above, Mariner Health Care, Inc. moves this Court to quash service of the summons pursuant to Code of Civil Procedure §418.10 for lack of personal jurisdiction.

2. **THIS COURT HAS AUTHORITY TO QUASH SERVICE OF SUMMONS FOR LACK OF PERSONAL JURISDICTION**

Federal Rule of Civil Procedure Rule 12(b)(2) provides:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
\*\*\*
(2) lack of personal jurisdiction.
\*\*\*

When the matter is removed from State Court, this objection must be asserted no later than seven (7) days from the service of the Notice of Removal. FRCP 81(c)(3).

3. **CALIFORNIA DOES NOT HAVE PERSONAL JURISDICTION OVER MARINER HEALTH CARE, INC.**

In deciding whether this Court has personal jurisdiction, this Court is to consider California law and decide whether the State Court could exercise personal jurisdiction over Mariner Health Care, Inc. FRCP 4(k)(1)(A).

Traditionally, a California Court may exercise jurisdiction over a defendant if the defendant is: 1) personally served while in the state; 2) domiciled in the state; or 3) consents to or makes a general appearance in the action. See Burnham v. Superior Court, (1990) 495 U.S. 604; see also Schlessinger v. Holland America, N.V., (2004) 120 Cal 4th 552. Under California's long-arm statute, a California Court may also exercise personal jurisdiction over a defendant on any basis that is not inconsistent with the Constitution of this state or of the United States. Code of Civil Procedure §410.10; Thomson v. Anderson, (2003) 113 Cal. App. 4th 258.

Moreover, under California law, it is Plaintiffs' burden to establish the court can exercise personal jurisdiction over the defendant. Serafini v. Superior Court, (1998) 68 Cal. App. 4th 70, 77; Muckle v. Superior Court, (2002) 102 Cal. App. 4th 218, 228; West Corp. v. Superior Court, (2004) 116 Cal. App. 4th 1167, 1172. Accordingly, Plaintiffs must make a prima facie showing, based upon admissible evidence, that this Court has personal jurisdiction over Mariner Health Care, Inc. See Judd v. Superior Court, (1976) 60 Cal. App. 3d 38. Plaintiffs cannot meet this burden.

A.     **Plaintiffs Are Unable to Establish any Traditional Basis for Jurisdiction.**

First, Plaintiffs did not personally serve Mariner Health Care, Inc. within the State of California. (Tabler Dec. ¶9)

Second, Mariner Health Care, Inc. is incorporated in Delaware, with its principal place of business in the State of Georgia. (Tabler Dec. ¶ 5). Therefore, Mariner Health Care, Inc. is not domiciled within the State of California.

Third, Mariner Health Care, Inc. has neither consented to jurisdiction nor made a general appearance in this action. (Tabler Dec. ¶ 11)  As a result of the above, in order to confer jurisdiction over Mariner Health Care, Inc., Plaintiffs must establish that it has sufficient minimum contacts with the State of California such that it voluntarily availed itself to jurisdiction in this state.

**4.     MARINER HEALTH CARE, INC. DOES NOT HAVE SUFFICIENT CONTACTS WITH CALIFORNIA**

Under California's long-arm statute, California courts may exercise jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." Code of Civil Procedure § 410.10; Thomson v. Anderson, (2003) 113 Cal. App. 4th 258.  In other words, Section 410.10 "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations." Id. at 266.

The Federal Constitution permits a state to exercise jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, (1945) 326 U.S. 310, 316.  "The substantial connection, between the defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state. Asahi Metal Industry Co. v. Superior Court, (1987) 480 U.S. 102, 112.

In California, two forms of personal jurisdiction are recognized, general and specific. Vons Companies, Inc. v. Seabest Foods, Inc. (1996) 14 Cal 4th 434, 445.  Plaintiffs are unable to establish either form.

1  **A.  Mariner Health Care, Inc. has Insufficient Contacts with California to be**
2  **Subject to General Jurisdiction.**

3  General jurisdiction applies where the defendant's contacts are substantial, continuous, and systematic. Perkins v. Benguet Mining Co. (1952) 342 U.S. 437, 445-446.  In that situation, the cause of action need not be related to the defendant's contacts. Vons, supra, 14 Cal. 4th at 445.  "Such a defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." Id. at 446.  As held by the Court in Goodyear Dunlop Tires Operations, S.A. v. Brown, (2011) 131 S. Ct. 2846, 2854, the inquiry is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.' Id. at 2854. A corporation that operates in many places can scarcely be deemed at home in all of them," lest "at home" become "synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." (Id. at p. 2854, fn. 20.)

In the instant matter, Plaintiffs are unable to establish that Mariner Health Care, Inc. has sufficient contacts with California.  In fact, Mariner Health Care, Inc. is incorporated in the State of Delaware, with its principal place of business in the State of Georgia.  (Tabler Dec. ¶5) Mariner Health Care, Inc. does not transact or participate in any business, and has no employees within the State of California.  (Tabler Dec. ¶¶ 5-7)

Mariner Health Care, Inc. has never maintained an office in California, does not own or possess property, or hold any mortgages or liens within the State of California.  Moreover, Mariner Health Care, Inc. does not maintain any bank accounts at any bank or depository, or pay taxes within California. (Tabler Dec. ¶8)

Mariner Health Care, Inc. is not and has never been, registered to do business within the State of California, and does not have an agent for service of process within California.  Although Plaintiffs purportedly served Mariner Health Care, Inc. with service of process through CT Corporation, such service occurred in Wilmington, Delaware.  (Tabler Dec. ¶9)

Finally, at no time has Mariner Health Care, Inc. ever held the operating license of the

4
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE Rule 12(B)(2) FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF MARINER HEALTH CARE, INC.

subject skilled nursing facility, Vale Healthcare Center, or any other skilled nursing facility within the State of California. (Tabler Dec. ¶7)

We suspect Plaintiffs will attempt to argue Mariner Health Care, Inc. is the parent company of Grancare, LLC, and therefore should be subject to the jurisdiction of California due to this relationship.  Not only is Mariner Health Care, Inc. not a direct parent to Grancare, LLC, but California Courts have repeatedly held that such a relationship is insufficient to confer jurisdiction over the parent corporation.  Sonora Diamond Corp. v. Superior Court (2000) 83 Cal.App.4th 523, VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc., (2002) 99 Cal.App.4th 228; DVI, Inc. v. Superior Court, (2002) 104 Cal. App. 4th 1080, 1087;

It is insufficient to confer personal jurisdiction merely because a parent corporation has executive control over its subsidiary.  Instead, Plaintiffs must establish that the parent overtook the subsidiary's day-to-day operations. VirtualMagic Asia, Inc. v. Fil-Cartoons, supra, at 244. In order to confer jurisdiction over a parent corporation, the parent must exert a sufficiently high degree of control over its subsidiary. DVI, Inc. v. Superior Court, supra, at 1087.  Jurisdiction over a parent corporation may be exercised in very limited circumstances. Accordingly, Plaintiffs must do more than show that Mariner Health Care, Inc. is the parent company of a subsidiary in California; they must show that Mariner Health Care, Inc. either **itself** had sufficient contacts within the state, or had such a high degree of control over its subsidiary that it overtook its day-to-day operations.  Plaintiffs cannot meet this burden.  Of course, this Court should grant Mariner Healthcare, Inc.'s Request for Judicial Notice wherein the California Department of Public Health has recognized that the owner and operator of Vale Healthcare Center is Grancare, LLC and not Mariner Healthcare, Inc.

**B.     This Court Lacks Specific Jurisdiction over Mariner Health Care, Inc.**

If the nonresident defendant does not have substantial and systematic contacts with the forum state, the defendant may be subject to specific jurisdiction if (1) "the defendant has purposefully availed himself or herself of forum benefits with respect to the matter in controversy, (2) the controversy is related to or arises out of defendant's contacts with the forum, and (3) the exercise of jurisdiction would comport with fair play and substantial justice."

Pavlovich v. Superior Court, (2002) 29 Cal. 4th 262, 269.

The purposeful availment inquiry focuses on the defendant's intentions. "This prong is only satisfied when the defendant purposefully and voluntarily directs its activities toward the forum so that it should expect, by virtue of the benefit it receives, to be subject to the court's jurisdiction based on its contacts with the forum." Snowney v. Harrah's Entertainment, Inc., (2005) 35 Cal. 4th 1054, 1062. Thus, purposeful availment occurs where a nonresident defendant "purposefully directs its activities at residents of the forum, purposefully derives benefit from its activities in the forum, creates a substantial connection with the forum, deliberately has engaged in significant activities within the forum, or has created continuing obligations between itself and residents of the forum." Id. at 1063. Under this standard, an out-of-state defendant will only be subject to personal jurisdiction if it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation." Id. at 1063.

Mariner Health Care, Inc. has not purposefully availed itself of any benefit of the laws of California such that it would reasonably expect to be hauled into court there. Quite simply, Mariner Health Care, Inc. has done nothing to purposefully avail itself to the jurisdiction of California.

Even if Plaintiffs can somehow establish that Mariner Health Care, Inc. purposefully availed itself to the benefits and privileges of the laws of the State of California, Plaintiffs remain unable to establish that their claims arise out of, or are the result of, forum-related activities. According to the Complaint, Plaintiffs claim that Vale Healthcare Center failed to provide adequate staffing and safeguard Decedent's rights such that she suffered from neglect. Mariner Health Care, Inc., however, is not the licensee of Vale Healthcare Center, and further does not have any employees at this facility. (Tabler Dec. ¶7) Further, Mariner Health Care, Inc. does not participate in the management of the day-to-day operations of Vale Healthcare Center. (Tabler Dec. ¶¶ 6, 7 & 12). As such, Plaintiffs' claims do not arise out of any forum-related activity to which Mariner Health Care, Inc. purposefully availed itself. Accordingly, this Court has an insufficient basis to confer personal jurisdiction over Mariner Health Care, Inc.

///

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE Rule 12(B)(2) FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF MARINER HEALTH CARE, INC.

As noted above, the fact Mariner Health Care, Inc. is a parent company of an entity that conducts business within the State of California is insufficient to confer jurisdiction. Sonora Diamond Corp. v. Superior Court (2000) 83 Cal.App.4th 523, 540; VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc., (2002) 99 Cal.App.4th 228, 244; DVI, Inc. v. Superior Court, (2002) 104 Cal. App. 4th 1080, 1087.  As such, it would be unjust to subject Mariner Health Care, Inc. to defend this lawsuit within a State in which it does not conduct business.

5.   **CONCLUSION**

Based on the foregoing points and authorities, this Court should grant the instant Motion to Dismiss pursuant to FRCP 12(b)(2) as this Court lacks personal jurisdiction over Mariner Health Care, Inc.

Dated: December 14, 2015              **GIOVANNIELLO LAW GROUP**

By:     _/s/ Alexander F. Giovanniello_     .
        Alexander F. Giovanniello
        Thomas C. Swann
        Specially Appearing for
        MARINER HEALTH CARE, INC.

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE Rule 12(B)(2) FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF MARINER HEALTH CARE, INC.

**PROOF OF SERVICE**

I am employed in the county of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is One Pointe Drive, Suite 300, Brea, California 92821

On **December 14, 2015,** I served the foregoing document(s) described as, NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION ON BEHALF OF MARINER HEALTH CARE, INC., by placing the true copies thereof enclosed in sealed envelopes address as follows:

> Stephen Garcia
> William Artigliere
> GARCIA, ARTIGLIERE & MEDBY
> One World Trade Center, Suite 1950
> Long Beach, California 90831
> Tel: (562) 216-5270
> Fax: (562) 216-0271
> *Attorneys for PLAINTIFFS*

(XX) BY U.S. MAIL: I am "readily familiar" with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice the envelope was sealed and placed for collection and mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Brea, California following ordinary business practices.

( ) BY PERSONAL SERVICE: I personally delivered the documents to the person(s) at the address(es) listed above (or on the attached service list). (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

( ) BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I placed said envelope(s) for collection and overnight delivery at a regularly utilized drop box of the overnight delivery carrier.

( ) BY FAX TRANSMISSION: I faxed said document(s) to the person(s) indicated on the below service list; as a courtesy copy;

Executed on **December 14, 2015,** at Brea, California.

(XX) STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Lovella Agra